JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-00388-JLS (SSCx)                     Date: January 25, 2024
Title: SSR Miracle Mile LLC v. Emmanuel Dostaly

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Gabby Garcia                                    N/A
Deputy Clerk                                Court Reporter

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Not Present                                  Not Present

**PROCEEDINGS:   (In Chambers) ORDER DENYING REQUEST TO
PROCEED IFP (Doc. 3) AND REMANDING CASE TO
LOS ANGELES SUPERIOR COURT**

Defendant filed a Notice of Removal and Request to Proceed In Forma Pauperis ("IFP").  The Court DENIES the request to proceed IFP  and, because the Court lacks jurisdiction over this matter, it REMANDS this action to Los Angeles County Superior Court.

Plaintiff filed a form complaint in state court for unlawful detainer against Defendant.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Unlawful detainer actions do not arise under federal law; they arise under state law.  Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-00388-JLS (SSCx)                    Date: January 25, 2024
Title: SSR Miracle Mile LLC v. Emmanuel Dostaly

_____

under federal law).

Neither are the requirements to invoke the Court's diversity jurisdiction met.  There is no evidence that Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Neither is the amount-in-controversy amount met, as the complaint specifies that it is a limited civil case and that the amount demanded "does not exceed $10,000." (*See* Doc. 1 at 5, Ex. 1 (Complaint at 1)); *cf.* 28 U.S.C. § 1332(a) (specifying that the amount-in-controversy must "exceed[s] the sum or value of $75,000").

Moreover, in the absence of a federal question, a resident of the forum state may not remove an action to federal court.  *See* 28 U.S.C. § 1441(b).

These defects are not curable by amendment; therefore, the Court REMANDS this action to the Los Angeles County Superior Court, Case No. 23STCV26321.

In light of the Court's *sua sponte* remand, the Court DENIES AS MOOT the Motion to Remand (Doc. 7) and the Ex Parte Application to Remand (Doc. 8).

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  gga